IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL ADAMS,

                Petitioner,

  v.

LIZI TEGELS,

                Respondent.

OPINION and ORDER

18-cv-982-jdp

---

Pro se petitioner Paul Adams, a state inmate confined at Jackson Correctional Institution, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2013 conviction for operating a vehicle while under the influence of an intoxicant (OWI). Adams contends that the sentencing judge violated his constitutional rights by enhancing his sentence based on two uncounseled OWI convictions from 1994 and 2004.

Adams has paid the $5 filing fee, and the case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Because Adams is appearing pro se, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Having reviewed the petition with this principle in mind, I conclude that Adams's habeas petition likely must be dismissed because it is procedurally defaulted and untimely. I will give Adams a short deadline to show cause why the case should not be dismissed.

ALLEGATIONS OF FACT

The following facts are drawn from the petition and state court records, some of which Adams attaches to his petition and others of which are available online.

On February 16, 1994, Adams was charged with operating a vehicle while intoxicated (second offense) in Milwaukee County Circuit Court Case No. T-401233. Adams says that he requested appointment of counsel by the circuit court during his initial appearance, but was told he would have to return to court at a later date to determine whether he was eligible for appointed counsel. On April 12, 1994, Adams appeared without counsel and entered a guilty plea. He received a sentence of 80 days' imprisonment.

On March 19, 2004, Adams was charged with operating a vehicle while intoxicated (fourth offense) in Waukesha County. *See State of Wisconsin v. Paul A. Adams*, 2004-CF-940, *available at* https://wcca.wicourts.gov. On May 4, 2004, he appeared without counsel and entered a plea of no contest. Although he signed a "waiver of attorney" statement on the day of the plea hearing, *see* Dkt. 1-1, at 59–61, Adams contends that he was not provided enough time to review and properly understand the documents he was signing.

Fast forward to 2013. On December 30, Adams was charged in Waukesha County Circuit Court Case No. 13-CF-1535 with operating a vehicle while intoxicated (seventh offense). This time, he was represented by an attorney. On September 11, 2014, Adams pleaded no contest to the OWI charge on the advice of counsel. The sentencing judge relied on Adams's prior convictions in determining the sentence, including the uncounseled 1994 and 2004 convictions. He sentenced Adams to eight years in the state prison system—three years of initial confinement and five years of extended supervision—consecutive to the sentence he was already serving.

Adams filed a notice of appeal on October 20, 2014. *See State v. Paul A. Adams*, 2014-AP-2506, *available at* https://wcca.wicourts.gov. For reasons that aren't clear, that appeal was dismissed in favor of further proceedings. *See State v. Paul A. Adams*, 2015-AP-2163, *available at* https://wcca.wicourts.gov. On August 12, 2015, Adams, by new counsel, filed a postconviction motion in the circuit court contending that his 2013 plea was involuntary and that his trial counsel was ineffective because neither the court nor his attorney checked his understanding of the elements of the offense. The circuit court held an evidentiary hearing on October 7, 2015 and denied the plea-withdrawal motion. Adams appealed his judgment of conviction and the denial of his postconviction motion to the court of appeals, which affirmed on December 28, 2016. *See State v. Adams*, 2017 WI App 7, 373 Wis. 2d 309, 895 N.W.2d 103. The Wisconsin Supreme Court denied review on April 10, 2017. *See State v. Adams*, 2017 WI 47, 375 Wis. 2d 130, 898 N.W.2d 583.

On June 14, 2016, while Adams's direct appeal and postconviction motion remained pending before the state court of appeals, Adams filed two pro se motions with the circuit court under Wis. Stat. § 974.06, raising collateral challenges to the 1994 and 2004 uncounseled convictions for the first time. *See* Dkt. 1-1, at 25–89. On August 15, 2016, the circuit court denied the motions without reaching the merits, holding that Adams's case was "currently under appeal to the Court of Appeals and until a final decision has been passed down in the case, this Court does not have jurisdiction to hear new post-conviction collateral attack motions." *Id.* at 21. Adams appealed this denial to the court of appeals. In his appellate briefs, Adams made two new assertions: (1) that he had "repeatedly urged" his trial attorney in the 2013 proceedings "to challenge two of his prior convictions on the basis that they were entered while he did not have counsel to represent him," and (2) that he made "repeated requests"

that his appellate counsel in those proceedings "raise the issue of the sentence in this case being based upon prior convictions entered while Adams was unrepresented." Dkt. 1-1, at 8. On December 13, 2017, the court of appeals summarily affirmed the circuit court's decision that it lacked jurisdiction to address Adams's postconviction motion. *Id.* at 121–23. The Wisconsin Supreme Court denied review on July 10, 2018. *See State v. Adams*, 2018 WI 92, 383 Wis. 2d 624, 918 N.W.2d 431. Adams filed his petition with this court on November 28, 2018.

ANALYSIS

In his habeas petition, Adams contends that he is entitled to relief under 28 U.S.C. § 2254 because uncounseled OWI convictions were used to enhance the sentence he is currently serving, in violation of his Sixth Amendment rights. *See Burgett v. Texas*, 389 U.S. 109, 115 (1967) (convictions obtained in violation of a defendant's right to counsel cannot be used to support guilt or enhance punishment on a subsequent offense); *but see Nichols v. United States*, 511 U.S. 738, 746–47 (1994) (sentence enhancement based on uncounseled prior misdemeanor conviction that had not resulted in a term of incarceration did not violate the Sixth Amendment). But it is not clear that I can reach the merits of this claim for relief because his petition is both barred by the doctrine of procedural default and is untimely.

**A. Procedural default**

Before a prisoner can seek relief in federal court, he must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted)). To satisfy the doctrine of exhaustion, a habeas petitioner must

"fully and fairly present" his claims in such a way as to give state appellate courts a meaningful opportunity to consider the substance of those claims and correct any mistakes. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009). To "fully" present his claims, a petitioner must pursue all available avenues of relief and comply with the state's procedural requirement before turning to the federal courts. A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Id.* at 582 (citing *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007)).

The record shows that Adams failed to raise the uncounseled OWI convictions in his initial postconviction motion and on direct appeal. Instead, he raised them for the first time in the pro se postconviction motions he filed on June 14, 2016. These motions did not constitute proper exhaustion because the circuit court dismissed them on state procedural grounds. A claim is procedurally defaulted if a state court dismisses it on a state procedural ground that is independent of the federal question and adequate to support the judgment. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004); *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010). "A state procedural ground is independent if it was expressly relied on by the state court in rejecting the claim, and it is adequate if it is a clearly established and consistently followed state practice at the time it is applied." *Id.* at 789–90 (citing *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991) and *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010)).

Here, the state courts did not reach the merits of Adams's claims because they concluded that the circuit court lacked jurisdiction to adjudicate them while Adams's appeal remained pending. *See* Dkt. 1-1, at 20–21; 121–23 (citing Wis. Stat. § 974.06(1); Wis. Stat. § 808.075(2); *State v. Redmond*, 203 Wis. 2d 13, 22, 552 N.W.2d 115 (Ct. App. 1996)). This

5

jurisdictional bar preventing circuit courts from hearing further postconviction motions once a notice of appeal has been filed is clearly established and appears to be consistently followed in the Wisconsin courts. *See, e.g.*, *Redmond*, 203 Wis. 2d at 22. So it constituted an independent and adequate state procedural ground.

Adams contends that the state court of appeals shouldn't have affirmed the circuit court's jurisdiction-based dismissal because, by the time it issued its decision on December 13, 2017, the Wisconsin Supreme Court had already denied Adams's direct appeal and initial postconviction motion, thereby restoring the circuit court's jurisdiction over the case. But appellate courts review lower court decisions based on the record that existed at the time of the circuit court's decision, not based on subsequent developments in the case. Even after the Wisconsin Supreme Court denied review and the circuit court regained jurisdiction, Adams made no attempt to file a procedurally compliant § 974.06 motion on the uncounseled OWI convictions. Instead, he appealed the circuit court's jurisdiction-based denial up to the Wisconsin Supreme Court and, when it denied review, filed this habeas petition.

Because the state courts declined to reach the merits of his uncounseled OWI-related claims based on an independent and adequate state procedural rule, Adams's habeas claim is probably procedurally defaulted. Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010) (citing *Johnson v. Hulett*, 574 F.3d 428, 430 (7th Cir. 2009)).

To show cause for the default sufficient to overcome a procedural default, a petitioner must demonstrate "that some objective factor" prevented compliance with the procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to his actual and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet*, 390 F.3d at 515 (citation omitted). A fundamental miscarriage of justice occurs only where the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004).

I will give Adams an opportunity to overcome his default by showing: (1) what cause he may have for his failure to properly present his defaulted claims concerning the 1994 and 2004 OWI convictions in his initial postconviction motion and direct appeal; and (2) what prejudice he will suffer as the result of his failure to raise these claims properly. If Adams contends that he didn't raise these issues on direct appeal because his lawyers refused to do so, he must also explain why he failed to file a procedurally proper § 974.06 in the circuit court after his direct appeal had resolved. Alternatively or in addition, Adams may be able to overcome his default if he can persuade the court that (3) failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If Adams fails to show that his procedural default should be overlooked, I will dismiss his petition.

**B. Untimeliness**

There is a separate, related issue raised by Adams's procedurally defective postconviction motion: untimeliness. Petitions brought under § 2254 are subject to a one-year

7

statute of limitations running from certain specified dates. *See* 28 U.S.C. § 2244(d). The one-year limitation period begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)–(D).

Here, the relevant date appears to be the date on which Adams's judgment of conviction became final, which was on April 10, 2017—the date the Wisconsin Supreme Court denied review of his direct appeal. His one-year clock for filing a federal habeas petition on that conviction began running on July 10, 2017, 90 days after the Wisconsin Supreme Court's denial of his petition for review. *Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court). That means that the limitations period expired one year later, on July 20, 2018. The limitations period was not tolled by the filing of his procedurally defective § 974.06 motion challenging the uncounseled OWI convictions. *See id.* § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added)); *Brooks v. Walls*, 301 F.3d 839, 840–41 (7th Cir. 2002) (postconviction motion that failed to comply with Illinois procedural rules governing collateral review was not "properly filed" for purposes of § 2244(d)(2)). Adams

8

didn't file his habeas petition in this court until November 28, 2018, which means it is likely untimely.

An untimely petition may be salvaged if grounds exist to equitably toll, or pause, the running of the limitations period. But equitable tolling is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if she shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Habeas petitioners may also avoid application of the one-year time limit by arguing or an equitable exception to § 2244(d)(1) based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To qualify for this narrow exception, a petitioner must persuade the district court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S 298, 329 (1995). This is a demanding standard, which only permits review in extraordinary cases. *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014).

I will give Adams an opportunity to show cause why his petition should not be considered untimely. In his response, Adams should provide any information he has to show, in accordance with the authorities cited above, either (1) that the petition is in fact timely under § 2244(d); (2) that he qualifies for equitable tolling; or (3) that he should be excused from the one-year limitations period because he is actually innocent.

## C. Remaining motions

Adams has filed three additional motions. The first is a motion seeking appointment of counsel. Dkt. 2 and Dkt. 4. I may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). When deciding whether to appoint counsel, I consider (1) whether the petitioner "could obtain justice without an attorney" given the complexity of the case and the petitioner's ability; (2) whether the petitioner "could not obtain a lawyer on [his] own"; and (3) whether the petitioner would have "a reasonable chance of winning with a lawyer at [his] side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)).

At this point, I am not persuaded that appointing counsel for Adams serves the interests of justice. Adams needs to show that his claims are neither procedurally defaulted nor untimely. Based on his filings thus far, I am persuaded that Adams is capable of responding to this order without the aid of counsel. His request for counsel will therefore be denied without prejudice to him raising it again if he is able to overcome his procedural default and untimeliness.

The other two motions Adams filed, which seek injunctive relief related to his medical records and legal files, Dkt. 6 and Dkt. 7, were cross-filed in his currently pending § 1983 case and denied in my order screening those claims. *See Adams v. Tegels et al.*, No. 18-cv-971, Dkt. 15, at 6–7 (Mar. 25, 2019). I need not address them separately here.

ORDER

IT IS ORDERED that:

1. Petitioner Paul Adams is directed to show cause why his petition should not be dismissed as untimely and barred by the doctrine of procedural default. Petitioner may have until May 21, 2019, to file his response.

2. Petitioner's motion for appointment of counsel, Dkt. 2 and Dkt. 4, is DENIED.

3. Petitioner's motions for injunctive relief, Dkt. 6 and Dkt. 7, are DENIED

Entered April 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge