# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL ADAMS,

                                  Petitioner,

    v.                                                                   **ORDER**

LIZI TEGELS,                                                     18-cv-982-jdp

                                  Respondent.

---

       Pro se habeas petitioner Paul Adams, an inmate confined at Jackson Correctional Institution, says that the sentence he received on a 2014 conviction for operating a vehicle while under the influence of an intoxicant (OWI) was unconstitutionally enhanced by two prior uncounseled OWI convictions. On April 30, 2019, I directed Adams to show cause why his petition should not be dismissed as barred by the doctrine of procedural default, as well as by the one-year statute of limitations that governs petitions brought under 28 U.S.C. § 2254. Dkt. 10.

       As I explained in that order, Adams did not challenge his uncounseled OWI convictions in his initial postconviction motion or on direct appeal of his 2014 conviction. Instead, he waited until 2016 to raise collateral challenges to those convictions in the circuit court—challenges that the circuit court denied for lack of jurisdiction because Adams's direct appeal remained pending at the time. Because the circuit court dismissed Adams's challenge on state procedural grounds, his claims are procedurally defaulted. In addition, Adams's claims are untimely because he did not file his 28 U.S.C. § 2254 petition within the one-year statute of limitations.

In his response to my order to show cause, Dkt. 15, Adams simply reiterates his previous assertions that the state courts could have reached the merits of his 2016 collateral attack and erred by declining to do so. But the question is whether Adams may properly bring a habeas petition in federal court under 28 U.S.C. § 2254. Adams offers no explanation why I should consider him to have overcome his procedural default, or why the one-year time limit for filing his habeas petition should be equitably tolled. Nor does Adams present any evidence of actual innocence. Accordingly, I am dismissing Adams's petition as barred by the doctrine of procedural default, as well as by the-one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

No reasonable jurist would disagree that Adams's claims are procedurally defaulted, untimely, and that he has failed to show that any actual innocence exception applies. Therefore, Adams is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Paul Adams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED and his petition is DISMISSED.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered August 22, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge